**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **VIENNA DIPIAVE** | : | **CIVIL ACTION NO:** |
|     Plaintiff, | : | **3:23-cv-00061-SRU** |
| | : | |
| v. | : | |
| | : | |
| **SIKORSKY AIRCRAFT** | : | |
| **CORPORATION, ET AL** | : | |
|     Defendants | : | **AUGUST 16, 2023** |
| | : | |

**AMENDED COMPLAINT**

**FIRST COUNT**

1) The Plaintiff, Vienna DiPiave, was employed as an aero mechanic technician for the Defendant, Aquinas Consulting, LLC, who was a contractor engaged in the business of providing employees to clients including the Defendants, Sikorsky Aircraft Corporation and Lockheed Martin Corporation, on a contract basis. The Plaintiff was assigned to work for the Defendants, Sikorsky Aircraft Corporation and Lockheed Martin Corporation, and the Plaintiff's job duties were supervised by the Defendants Sikorsky Aircraft Corporation and Lockheed Martin Corporation's employees.

1

2) The Plaintiff, Vienna DiPiave, began her employment with the Defendant, Aquinas Consulting, LLC as a contract employee to the Defendants, Sikorsky Aircraft Corporation and Lockheed Martin Corporation on or about April 2020.

3) As a contract employee the Plaintiff would be able to apply for permanent positions with the Defendants Sikorsky Aircraft Corporation and Lockheed Martin Corporation.

4) On or about November 2020 the Plaintiff became pregnant and the Defendants were made aware of the Plaintiff's pregnancy. During the Plaintiff's pregnancy the Plaintiff would contact the Defendants and advise them when Plaintiff needed time off from work to attend her doctor's appointments for her pregnancy.

5) During the Plaintiff's pregnancy, she would continue to satisfactorily perform her job duties for the Defendants. The Plaintiff would work approximately 60 hours per week for the Defendants.

6) On or about February 2021 while Plaintiff was approximately 4 months pregnant, the Defendants Sikorsky Aircraft Corporation and Lockheed Martin Corporation, requested that Plaintiff participate in a health assessment.

7) Approximately two weeks after participating in said health assessment on or about February 19, 2021, Plaintiff was informed by her supervisor who was an employee of the Defendants, Sikorsky Aircraft Corporation and Lockheed Martin Corporation, that she was being discharged from employment due to lack of work.

8) Contrary to the Defendants' basis for discharging the Plaintiff from employment, there was sufficient work to be performed.  The Plaintiff was the only aero mechanic technician in her department to be discharged for alleged lack of work.  The three other aero mechanic technicians who were hired after the Plaintiff were not discharged for alleged lack of work.

9) At the time of Plaintiff's discharge, the Plaintiff was able to continue performing her job duties for the Defendants.  The Plaintiff gave birth to her son on July 1, 2021.

10) The Defendants have discriminated against the Plaintiff in the terms and conditions of her employment by discriminating against the Plaintiff, wrongfully discharging the Plaintiff and treating the Plaintiff differently based on her pregnancy, all in violation of Title VII of the Civil Rights Act of 1964, 42

U.S.C. Section 2000e-2; 29 CFR Part 16 and the Pregnancy Discrimination Act.

11) As a further result thereof, the Plaintiff will lose salary, benefits and other perquisites of employment and has suffered and will continue to suffer from extreme humiliation, mental anxiety and emotional distress and has been and/or will be required to assume various incidental expenses and her life's activities have been impaired.

12) The Plaintiff has sought and obtained a release of jurisdiction from the proper administrative agencies.

**SECOND COUNT**

1-8) Paragraphs 1 through 8 of the First Count are incorporated herein and made paragraphs 1 through 8 of this the Second Count.

9) The Defendant, Sikorsky Aircraft Corporation, through their agents, servants and employee, Michael Lonergan, on or about April 2020, orally represented to the Plaintiff that there was sufficient work to keep the Plaintiff employed and that she would be transitioned to a full-time Sikorsky Aircraft Corporation-Lockheed Martin Corporation employee.

10) Two contract employees, Lisa Sullivan and Scott Santos, who started as contract employees assigned to work at Sikorsky Aircraft Corporation, approximately two months after Plaintiff started her contract assignment at Sikorsky Aircraft Corporation, were made permanent employees and in addition a contract employee (John Murphy) who started his employment approximately two days prior to the Plaintiff's start of her contract assignment was also made a permanent full-time employee of Sikorsky Aircraft Corporation.

11) After the Plaintiff was discharged, the Defendant, Sikorsky Aircraft Corporation posted a job opening for the job position the Plaintiff was performing.

12) The Plaintiff did not seek other employment possibilities and/or opportunities, thus relying to her detriment on the hereinbefore described oral expressed and implied promises and statements, and/or representations.

13) Based on the above described, the Defendant, Sikorsky Aircraft Corporation, knew or should have known, that the oral expressed and/or implied assurances statements and/or representations that the Plaintiff would be transitioned to a full time employee of Sikorsky Aircraft Corporation-Lockheed Martin when they were made to the Plaintiff during the period of the Plaintiff's employment.

14) The false assurances made by the Defendant, Sikorsky Aircraft Corporation, were negligent misrepresentations, which caused the Plaintiff harm, thus entitling her to damages.

15) As a direct and proximate result of the conduct of the Defendant, Sikorsky Aircraft Corporation, and the negligent misrepresentations made by them as aforesaid, the Plaintiff has been deprived of her position and employment at the Defendant, Sikorsky Aircraft Corporation, she has lost and will continue to lose earnings and benefits; her earning capacity has been substantially impaired; she has lost and will continue to suffer from humiliation and severe physical and emotional injuries and distress; she has and will continue to incur litigation expenses and attorney's fees; and, the quality of her life has been substantially diminished, all to her loss and detriment.

**THIRD COUNT**

1-11) Paragraphs 1-11 of the Second Count are incorporated herein and made Paragraphs 1-11 of this the Third Count.

12) In reliance on the hereinbefore described oral statements and promises of the Defendant, Sikorsky Aircraft Corporation, through their agents, servants and/or employee Michael Lonergan, and the Plaintiff

would be transitioned to full time employment with Sikorsky Aircraft Corporation-Lockheed Martin, the Plaintiff expected continued employment with the Defendant, Sikorsky Aircraft Corporation.

13) The Plaintiff's reliance was reasonable under the circumstances.

14) The Defendant Sikorsky Aircraft Corporation knew or should have known that their actions were inconsistent with their statements.

15) The Plaintiff has been damaged as a direct and proximate result of her reasonable reliance upon the Defendants' statements.

16) As a direct and proximate result of the conduct of the Defendant, Sikorsky Aircraft Corporation as aforesaid, the Plaintiff has lost and will continue to lose earnings and benefits, her earning capacity has been substantially impaired, she has lost and will continue to suffer from humiliation and severe physical and emotional injuries and distress, she has and will continue to incur litigation expenses and attorney's fees and the quality of her life has been substantially diminished, all to her loss and detriment.

**WHEREFORE THE PLAINTIFF CLAIMS**:

1) Monetary damages;

2) Attorney's fees;

3) Such other and further relief as in law and equity may pertain.

                THE PLAINTIFF


BY_____/S/_____
JOHN T. BOCHANIS
DALY, WEIHING & BOCHANIS,
 LLC
1776 North Avenue
Bridgeport, CT 06604
(203) 333-8500
Juris No. 101227

**CERTIFICATION**

This is to certify that on August 16, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
JOHN T. BOCHANIS